IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cv-00432-MSK

UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation,

    Plaintiff,

v.

RICHARD LAPP, d/b/a Slick Spot Farm & Truck, an individual; NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, a District of Columbia corporation; BNSF RAILWAY COMPANY, a Delaware corporation; W-L ENTERPRISES, LLC, a Kansas limited liability company; WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation; GARY JORDAN, an individual; WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation; CHRISTOPHER NELSON, an individual; BRADLEY SWARTZWELTER, an individual; and JOHN DOES 1 through 27,

    Defendants.

---

## DEFENDANT RICHARD LAPP d/b/a SLICK SPOT FARM & TRUCK'S MOTION TO DISMISS
_____

Defendant **Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot")**, through his attorneys, submits the following Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted[1].

---

[1] In support of the Motion to Dismiss, Slick Spot is contemporaneously filing a Brief in Support of Motion to Dismiss which provides a more detailed discussion of the legal issues and authority supporting the Motion to Dismiss. The Brief in Support of Motion to Dismiss is incorporated into this Motion to Dismiss in its entirety.

## **CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that, pursuant to D.C.COLO.LCivR 7.1(A), he conferred with counsel for Plaintiff United Financial Casualty Company by telephone on April 27, 2012. Plaintiff objects to the relief sought herein.

## **FACTS**

The Complaint for Declaratory Relief asserts an anticipatory declaratory judgment action by which Plaintiff United Financial Casualty Company ("United Financial") seeks a determination of its duty to defend and duty to indemnify Slick Spot for alleged property damage and bodily injury arising out of a collision between an Amtrak passenger train carrying approximately 175 passengers and a crane insured by United Financial. (Complaint, pp. 3-6, ¶¶ 14-34). United Financial brings the suit pursuant to 28 U.S.C. § 1332 for diversity jurisdiction. (Complaint, p. 3, ¶ 12). United Financial asserts claims against Slick Spot, National Railroad Passenger Corporation d/b/a Amtrak, BNSF Railways Company, W-L Enterprises, LLC; Wright-Lorenz Grain Co. Inc., Gary Jordan, Western Heritage Insurance Company, Christopher Nelson, Bradley Swartzwelter, and John Does 1 through 27. (Complaint, p. 1). United Financial makes no allegations as to the citizenship of any of the John Doe defendants and concedes that it does not know the identity of any of the John Doe defendants. (Complaint, p. 3, ¶ 11). United Financial has also failed to name as defendants all potential claimants who may have an interest in this coverage dispute and who are necessary for resolution of all issues presented in this anticipatory declaratory judgment action.

## ARGUMENT

**1.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction.**

  A. <u>Burden of Proof</u>: United Financial, as the party invoking diversity jurisdiction, has the burden to establish compliance with the jurisdictional requirements of 28 U.S.C. § 1332. <u>Penteco Corp. v. Gas Sys., Inc.</u>, 929 F.2d 1519, 1521 (10th Cir. 1991).

  B. <u>Elements</u>: To establish subject matter jurisdiction under 28 U.S.C. § 1332, United Financial must establish the citizenship of all defendants, including the 27 John Doe defendants, and prove complete diversity of citizenship between it and all defendants. <u>United States ex. rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995). The failure to establish the citizenship of the John Doe defendants is fatal to an original diversity proceeding and requires dismissal of such diversity claim for lack of subject matter jurisdiction. <u>Howell v. Tribune Entm't Co.</u>, 106 F.3d 215, 218 (7th Cir. 1997); <u>W.L. Meng v. Schwartz</u>, 305 F.Supp.2d 49, 55-56 (D. D.C. 2004).

  C. <u>Elements Not Supported by the Complaint:</u> United Financial's failure to establish the citizenship of any of the 27 John Doe defendants—and its concession that it does not even know the identity of any of the 27 John Doe defendants—is fatal to its claim of subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship has not been established.

**2.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) For Failure to State a Claim Upon Which Relief Can Be Granted.**

  A. <u>Burden of Proof:</u> United Financial must establish that its Complaint for Declaratory Relief sufficiently satisfies the requirements for an anticipatory declaratory

3

judgment action under Colorado law.  Constitution Assocs. V. New Hampshire Ins. Co., 930 P.2d 556, 561 (Colo. 1996).

   B. Elements: To assert an anticipatory declaratory judgment action under Colorado law, an insurer must establish that: (1) the declaratory judgment action is based on an actual controversy, rather than the mere possibility of a future claim; (2) the declaratory judgment action will fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter that could be affected by the judgment; and (3) the declaratory judgment action is independent of, and separable from, the underlying liability action such that it does not prejudice the insured's defense of the underlying liability action.  Id. at 561.

   C. Elements Not Supported by the Complaint[2]:

   **Element (ii)**: United Financial's Complaint for Declaratory Relief does not name as defendants all passengers of the Amtrak train on the day of the accident and, therefore, has not named all parties who may have an interest in the outcome of this coverage litigation.  Specifically, despite there being approximately 175 passengers on the Amtrak train who may assert claims against Slick Spot at some point in the future, United Financial has named only 27 John Doe defendants, only 26 of which are train passengers.  Thus, even taking all of its allegations as true, the Complaint for Declaratory Relief will not fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in this matter and the second requirement for an anticipatory declaratory judgment action under Colorado law has not been satisfied.  See Id.

---

[2] As noted in Slick Spot's Brief in Support of Motion to Dismiss, United Financial's Complaint for Declaratory Relief likely fails to satisfy all of the elements of an anticipatory declaratory judgment action under Colorado law. Only the second element of the Constitution Associates standard is addressed in this motion, however Slick Spot reserves its right to further challenge the anticipatory declaratory judgment action as future facts are discovered.

4

## CONCLUSION

For the foregoing reasons, Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Dismiss should be granted and Plaintiff United Financial Casualty Company's Complaint for Declaratory Relief should be dismissed in its entirety.

Respectfully submitted this April 30, 2012.

        s/ Seth A. Rider
        Seth A. Rider, Esq.
        Evan P. Lee, Esq.
        Baldwin Morgan & Rider, PC
        1512 Larimer Street, Suite 450
        Denver, CO 80202
        Phone: (303) 623-1832
        Fax: (303) 623-1833
        Email: seth@bmrpc.com
               evan@bmrpc.com

*Attorneys for Defendant Richard Lapp d/b/a Slick Spot Farm & Truck*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this April 30, 2012, to each of the following:

| | | |
|---|---|---|
| Franklin D. Patterson, Esq. | ( ) | via U.S. Mail |
| Brian D. Kennedy, Esq. | ( ) | via Hand Delivery |
| Frank Patterson & Associates, PC | ( ) | via Facsimile |
| 5613 DTC Parkway, Suite 400 | ( ) | via Overnight Mail |
| Greenwood Village, Colorado 80111 | ( ) | via Email |
| *Counsel for Plaintiff* | (x) | via CM/ECF System |
| | | |
| Nicole S. Bogen, Esq. | ( ) | via U.S. Mail |
| Wolfe Snowden Hurd Luers & Ahl, LLP | ( ) | via Hand Delivery |
| 1248 O Street, Suite 800 | ( ) | via Facsimile |
| Lincoln, Nebraska 68508 | ( ) | via Overnight Mail |
| *Counsel for Defendants National Railroad* | ( ) | via Email |
| *Passenger Corporation and BNSF Railways* | (x) | via CM/ECF System |
| *Company* | | |
| | | |
| Jeanelle R. Lust, Esq. | ( ) | via U.S. Mail |
| Knudson, Berkheimer, Richardson & Endacott, LLP | ( ) | via Hand Delivery |
| | ( ) | via Facsimile |
| 3800 VerMaas Place, Suite 200 | ( ) | via Overnight Mail |
| Lincoln, Nebraska 68502 | ( ) | via Email |
| *Counsel for Defendants W-L Enterprises, LLC,* | (x) | via CM/ECF System |
| *Wright-Lorenz Grain Co., Inc. and Gary Jordan* | | |
| | | |
| Neil Selman, Esq. | ( ) | via U.S. Mail |
| Selman Brietman, LLP | ( ) | via Hand Delivery |
| 11766 Wilshire Boulevard, Sixth Floor | ( ) | via Facsimile |
| Los Angelas, California 90025 | ( ) | via Overnight Mail |
| *Attorney for Defendant Western Heritage* | ( ) | via Email |
| *Insurance Company* | (x) | via CM/ECF System |

s/ Mary J. Pinkerton

6