IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cv-00432-MSK

UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation,

    Plaintiff,

v.

RICHARD LAPP, d/b/a Slick Spot Farm & Truck, an individual; NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, a District of Columbia corporation; BNSF RAILWAY COMPANY, a Delaware corporation; W-L ENTERPRISES, LLC, a Kansas limited liability company; WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation; GARY JORDAN, an individual; WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation; CHRISTOPHER NELSON, an individual; BRADLEY SWARTZWELTER, an individual; and JOHN DOES 1 through 27,

    Defendants.

**DEFENDANT RICHARD LAPP d/b/a SLICK SPOT FARM & TRUCK'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant **Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot")**, through his attorneys, submits the following Brief in Support of Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that, pursuant to D.C.COLO.LCivR 7.1(A), he conferred with counsel for Plaintiff United Financial Casualty Company by telephone on April 27, 2012. Plaintiff objects to the relief sought herein.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This is an anticipatory declaratory judgment action filed by Plaintiff United Financial Casualty Company ("United Financial") against its insured, Slick Spot, among others. United Financial seeks a determination of its duty to defend and duty to indemnify Slick Spot under an automobile insurance policy for claims and potential claims arising out of an Amtrak passenger train accident on August 26, 2011 near Benkelman, Nebraska. The accident in question involved a collision between the passenger train, carrying approximately 175 passengers who were traveling from San Francisco to Chicago, and a crane insured by United Financial. The accident allegedly resulted in property damage and bodily injury to a number of people and entities. Neither the number of potential claimants nor the full extent of any alleged property damage or bodily injury is presently known.

Prior to the filing of any lawsuit against Slick Spot, United Financial filed the instant declaratory judgment action against Slick Spot and the following entities/individuals which may have an interest in the outcome of this coverage dispute: National Railroad Passenger Corporation d/b/a Amtrak, BNSF Railway Company, W-L Enterprises, LLC, Wright-Lorenz Grain Co, Inc., Gary Jordan, Western Heritage Insurance Company, Christopher Nelson, and Bradley Swartzwelter. Additionally, United Financial named as defendants "John Does 1 through 27" which, according to United Financial, represent the allegedly injured train passengers and the operator of the crane at the time of the accident. (Complaint, p. 3, ¶ 11). United Financial concedes that it does not know the identities of any of the 27 John Doe defendants. (Complaint, p. 3, ¶ 11.)

Moreover, notwithstanding United Financial's naming of 27 John Doe defendants, there are an unknown number of other potential claimants who are not parties to this anticipatory declaratory judgment action but who nevertheless are indispensible. As alleged in a lawsuit filed against Slick Spot by BNSF and Amtrak for claims arising out of the train accident, the train was carrying approximately 175 passengers[1]. Thus, in naming only 27 John Doe defendants, United Financial has asserted claims against a small fraction of the total number of potential claimants who could eventually assert claims against Slick Spot for injuries arising out of the train accident.

United Financial's anticipatory declaratory judgment should be dismissed for both a lack of subject matter jurisdiction and its failure to state a claim upon which relief can be granted. Specifically, United Financial's naming of 27 John Doe defendants without any allegations of their citizenship means that it has wholly failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332. Furthermore, because United Financial's declaratory judgment action does not name **all** necessary parties (most notably all passengers on the train) it does not satisfy the elements for an anticipatory declaratory judgment action under Colorado law.

Therefore, United Financial's Complaint for Declaratory Relief should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) & (6).

## **STANDARD OF REVIEW**

A court assessing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) must accept the well pled allegations as true and determine whether, on its face, the complaint sufficiently establishes subject matter jurisdiction. Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). Pursuant to 28

---

[1] The BNSF/Amtrak lawsuit was filed after United Financial filed the present declaratory judgment action. To date, the BNSF/Amtrak lawsuit is the only underlying lawsuit filed in relation to the train accident.

3

U.S.C. § 1332, a court has diversity jurisdiction only if the complaint establishes (1) an amount in controversy exceeding $75,000 and (2) complete diversity of citizenship between the plaintiff and all defendants.  The burden of establishing diversity of citizenship is on the party invoking the federal court's jurisdiction.  <u>Penteco Corp. v. Gas Sys., Inc.</u>, 929 F.2d 1519, 1521 (10th 1991).  Furthermore, when asserting claims in federal court against multiple defendants based on diversity, the plaintiff is required to prove diversity of citizenship for **each defendant**.  <u>United States ex. rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995.)

With respect to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must determine whether, viewing all facts in the light most favorable to the plaintiff, the complaint is legally sufficient to state a claim.  <u>PayoutOne v. Coral Mortg. Bankers</u>, 602 F.Supp.2d 1219, 1222-23 (D.Colo. 2009).

## ARGUMENT

Pursuant to the above, Plaintiff's Complaint must be dismissed as a matter of law because it has failed to establish diversity for each defendant and it has failed to name all necessary parties as required by Colorado law.

### A.   United Financial Cannot Establish Complete Diversity Under 28 U.S.C. § 1332 Because the Citizenship of the 27 John Doe Defendants is Unknown.

With respect to its own citizenship, United Financial alleges that it is a corporation existing under the laws of Ohio with its principal place of business in Ohio.  (Complaint, p. 1, ¶ 1).  Thus, in order to maintain this lawsuit in federal court pursuant to 28 U.S.C. § 1332, United Financial's Complaint must demonstrate that none of the defendants are also citizens of Ohio.  In other words, in order to survive a Rule 12(b)(1) motion to dismiss, United Financial is required

4

to establish the citizenship of all defendants, including the 27 John Does.  See Chuska Dev. Corp., 55 F.3d at 1495.

With that in mind, United Financial's Complaint fails to establish citizenship for any of the 27 John Doe defendants and, in fact, concedes that United Financial does not even know the identities of any John Doe defendants.  (Complaint, p. 3, ¶ 11).  Because United Financial has failed to allege the citizenship of the 27 John Doe defendants, it cannot establish that no defendants are citizens of Ohio.[2]   As such, the requirements of 28 U.S.C. § 1332 have not been satisfied and the declaratory judgment action must be dismissed for lack of subject matter jurisdiction.  See Chuska Dev. Corp., 55 F.3d at 1495 (plaintiff must prove citizenship of every defendant in order to invoke federal diversity jurisdiction.)

In addressing the impact of John Doe defendants on diversity jurisdiction under 28 U.S.C. § 1332, the Seventh Circuit expressly held that the naming of an unknown John Doe defendant defeats diversity because the citizenship of all defendants cannot be established. Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997).  Specifically, in Howell, the plaintiff, a citizen of Wisconsin, sued *The Chicago Tribune* newspaper, a citizen of Delaware and Illinois, and a John Doe insurance company which the plaintiff conceded was unknown.  Id. On appeal, the Seventh Circuit *sua sponte* determined that the presence of the John Doe defendant defeated diversity jurisdiction and ruled that "because the existence of diversity

---

[2] Note that the Amtrak train in question was traveling from San Francisco to Chicago, a major Midwestern city.  It is plausible, if not likely, that at least one passenger on that train is a citizen of Ohio.  To the extent a future claimant is a citizen of Ohio, diversity will be defeated and this case will have to be dismissed.  Under such a circumstance, the extensive time and resources expended by the parties and this Court prior to learning the citizenship of all the John Does will have been a complete waste.  Thus, principles of judicial economy provide additional support for dismissing this action now to avoid wastefully proceeding in a lawsuit that may well be dismissed in the future for the very reasons argued herein.

jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." Id.

Similarly, in W.L. Meng v. Schwartz, 305 F.Supp.2d 49, 55-56 (D. D.C. 2004), the U.S. District Court for the District of Columbia dismissed the plaintiff's claims for lack of subject matter jurisdiction because the presence of 10 John and Jane Doe defendants meant that complete diversity had not been established under 28 U.S.C. § 1332.  Much like United Financial's Complaint for Declaratory Relief here, the plaintiffs in W.L. Meng failed to make any affirmative allegations establishing the citizenship of the John and Jane Does which, according to the court, was fatal to their attempt to invoke federal diversity jurisdiction.  Id.

For additional cases holding that courts lack diversity jurisdiction over lawsuits involving unknown John Doe defendants, see: Controlled Environment Sys. V. Sun Process Co., Inc., 936 F.Supp. 520, 522 (N.D. Ill. 1996) (court *sua sponte* dismissed action for lack of subject matter jurisdiction because plaintiff failed to establish citizenship of unknown defendants); Automotive Finance Corp. v. Automax of N. Ill., Inc., 194 F.Supp.2d 796, 797-98 (N.D. Ill. 2002) (court *sua sponte* dismissed action for lack of subject matter jurisdiction based on presence of John Doe defendants); Stephens v. Halliburton Co., 2003 WL 22077752, *6-7 (N.D. Tex. 2003) (presence of John Doe defendants in original federal court action is fatal to diversity jurisdiction); Stanley v. Alpha Natural Res., Inc., 2007 WL 1112982, *1 (E.D. Tenn. 2007) (same.)

It is anticipated that United Financial will argue that the citizenship of the 27 John Doe defendants should not be considered in assessing diversity jurisdiction.  The basis for this argument will likely be 28 U.S.C. § 1441(a), which provides that fictitiously named defendants are disregarded for purposes of removal jurisdiction.  See also Australian Gold Inc. v. Hatfield,

6

436 F.3d 1228, 1234-35 (10th Cir. 2006) (relying on § 1441 to ignore John Doe defendants in removal action); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008) (same).  This argument fails for several reasons.

First, the language of § 1441(a) allowing John Doe defendants to be disregarded for purposes of **removal** is not contained in § 1332 for original diversity jurisdiction and, therefore, is inapplicable to the present lawsuit brought by United Financial under § 1332.  The distinction between considering the citizenship of John Doe defendants for original diversity actions, but not removal actions, is widely recognized.  See e.g. Howell, 106 F.3d at 218 (recognizing that 1441(a) is the exception to the general rule that John Doe defendants defeat diversity); W.L. Meng, 305 F.Supp.2d at 55-56 ("The plaintiffs' contention that 28 U.S.C. § 1441(a), the removal statute, somehow saves the day is also unavailing" because "§ 1441(a)'s permissive diversity standard only applies to cases that have been removed from state court to federal court"); Sun Process Co., Inc., 936 F.Supp.2d at 522.

The policy behind this distinction is that Congress explicitly amended the removal statute to allow John Doe defendants to be disregarded in removal cases as a direct response to the practice of plaintiffs naming John Does to preemptively defeat attempts at removal and subvert the defendant's right to remove cases in certain circumstances.  W.L. Meng, 305 F.Supp.2d at 55-56; see also Sun Process Co., Inc., 936 F.Supp.2d at 522.  However, as put by the court in W.L. Meng, "[i]f Congress had intended for § 1441(a)'s type of permissive diversity standard to apply to cases brought under § 1332, it could have expressly stated so in the 1988 amendments." 305 F.Supp. at 56; see also Sun Process Co., Inc., 936 F.Supp.2d at 522 ("in this court's view, it would be remiss if it were to import a like principle into original-jurisdiction jurisprudence

7

where Congress has expressly chosen to do so in removal cases but has *not* enacted a comparable provision in Section 1332.") (emphasis in original).  Furthermore, "because the policy concerns underlying the § 1441(a) amendment are not at issue in cases originally brought in federal court under § 1332, [district courts are] powerless to extend § 1441(a)'s permissiveness for actions brought under § 1332."  W.L. Meng, 305 F.Supp.2d at 56.  Here, the 27 John Doe defendants named by United Financial in the present action must be considered for purposes of this Court's subject-matter jurisdiction and, because the Complaint for Declaratory Relief contains no allegations as to their citizenship, United Financial's claims fail for lack of subject of matter jurisdiction.

Finally, it is important to note that research found no authority in either the Tenth Circuit or the U.S. District Court for Colorado addressing the specific question of whether John Doe defendants are considered in determining diversity jurisdiction under § 1332.  Rather, research found only case law addressing the impact of John Does on § 1441 removal jurisdiction which, as discussed above, is irrelevant to the present matter.  See Australian Gold Inc., 436 F.3d at 1234-35 (addressing only removal jurisdiction); McPhail, 529 F.3d at 951 (same).  With that said, in American Gold, Inc. the Tenth Circuit cited favorably to the Seventh Circuit's opinion in Howell, 106 F.3d at 218, which, as previously discussed herein, held that a plaintiff cannot establish diversity jurisdiction in an original proceeding when it names John Doe defendants.  Australian Gold Inc., 436 F.3d at 1235.

Moreover, in McBride v. Doe, 71 Fed.Appx. 788, 789-90 (10th Cir. 2003), the Tenth Circuit considered whether the plaintiff's claims were properly dismissed by the district court for lack of subject matter jurisdiction where the plaintiff failed to allege the citizenship of a John

8

Doe defendant. Although the Tenth Circuit ultimately affirmed the dismissal of McBride's claims on other grounds (based on plaintiff's failure to sufficiently allege the citizenship of the named defendant, let alone the John Doe defendant), it expressed no concern over the district court's reasoning that subject matter jurisdiction is lacking where the citizenship of a John Doe defendant is not established, or otherwise suggest that it disagreed with the district court's holding. Id.

Taken together, the Tenth Circuit's favorable reliance on Howell in its opinion in Australian Gold Inc. and affirmation of the district court's dismissal in McBride indicates that the Tenth Circuit agrees that a plaintiff cannot establish complete diversity under 28 U.S.C. § 1332 when asserting claims against unknown John Doe defendants. Here, United Financial has not (and cannot) establish the citizenship of any of the 27 John Doe defendants and, therefore, it has not established diversity jurisdiction. Because United Financial cannot establish complete diversity of citizenship between it and all defendants, its claims fail for a lack of subject matter jurisdiction and the Complaint for Declaratory Relief must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

**B.  United Financial's Anticipatory Declaratory Judgment Action Fails to Name All Necessary Parties as Required By Colorado Law.**

Because United Financial brings the present lawsuit under the auspices of federal diversity jurisdiction, this matter must be decided pursuant to the substantive law of Colorado governing anticipatory declaratory judgment actions. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 92 (1938); Hanna v. Plummer, 380 U.S. 460, 465 (1965) (noting that the "broad command" of Erie was that federal courts are to apply state substantive law and federal procedural law).

Under substantive Colorado law, United Financial can only maintain the present anticipatory declaratory judgment action if the following elements are satisfied: (1) the declaratory judgment action must be based on an actual controversy, rather than the mere possibility of a future claim; (2) the declaratory judgment action must fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter that could be affected by the judgment; and (3) the declaratory judgment action must be independent of, and separable from, the underlying liability actions such that it does not prejudice the insured's defense of the underlying liability actions. Constitution Assocs. v. New Hampshire Ins. Co., 930 P.2d 556, 561 (Colo. 1996).

Pursuant to Constitution Associates, and as relevant for this motion to dismiss, United Financial's anticipatory declaratory judgment action fails to state a claim upon which relief can be granted because United Financial has not named all parties who may have an interest in the outcome and, as such, this lawsuit will not fully and finally resolve the coverage dispute as to all interested parties. See Constitution Associates, 930 P.2d at 561. Specifically, the underlying BNSF/Amtrak complaint alleges that the passenger train at issue here was carrying approximately 175 passengers at the time of the collision. (**Exhibit A[3]**, BNSF/Amtrak Complaint, p. 3, ¶ 15). As such, there is a possibility that at least 175 Amtrak passengers could

---

[3] For purposes of a Rule 12(b)(6) motion to dismiss, this Court can look to documents outside the Complaint if they are central to United Financial's claims and their authenticity is not in dispute. PayoutOne, 602 F.Supp.2d at 1222-23. Here, the BNSF/Amtrak complaint is central to United Financial's declaratory judgment action as United Financial's duty to defend Slick Spot is based, in part, on the allegations of that complaint. See Hecla Mining Co. v. N.H. Ins. Co., 811 P.2d 1083, 1089 (Colo. 1991). Further, the authenticity of the BNSF/Amtrak complaint is not in dispute. Thus, this Court may look to the BNSF/Amtrak complaint when assessing the sufficiency of United Financial's Complaint under Rule 12(b)(6).

assert claims against Slick Spot at some point in the future, and all of these individuals are indispensable parties to the present coverage dispute[4].

The necessity of these passengers is underscored by the specific circumstances of this case. In the event the instant declaratory judgment action proceeds without all potential claimants, it is possible that, after resolution of the current coverage litigation, additional claimants will assert claims against Slick Spot. Under such a circumstance, any additional claimant would not be bound by the outcome of this declaratory judgment action and Slick Spot and United Financial would be forced to re-litigate these coverage issues every time a new claimant appears, thereby wasting the resources of the parties and the court, and raising the possibility of inconsistent verdicts. This is precisely what <u>Constitution Associates</u> seeks to avoid.

Notwithstanding the requirement that all potentially interested parties be named in an anticipatory declaratory judgment action, United Financial has named only 27 John Does (26 of which it alleges are passengers), a small fraction of the number of passengers on the train at the time of the accident. Therefore, this lawsuit will not fully and finally resolve this matter as to all interested parties, the second <u>Constitution Associates</u> element has not been satisfied, and United Financial has failed to state a claim upon which relief can be granted[5].

---

[4] Additionally, United Financial failed to name Gerald Shetler d/b/a G&S Recycling, who is a party to the underlying BNSF/Amtrak lawsuit. Although the absence of Mr. Shetler is fatal to the anticipatory declaratory judgment action, counsel for United Financial stated during conferral on this motion that he intended to amend the Complaint for Declaratory Relief to add Mr. Shetler. Nevertheless, to the extent United Financial does not add Mr. Shetler to this lawsuit, his absence provides additional grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, even if Mr. Shetler is added, the absence of all potential claimants is fatal to the present lawsuit.

[5] Slick Spot notes that the present lawsuit likely fails to satisfy all of the <u>Constitution Associates</u> elements. Specifically, Slick Spot will unquestionably be prejudiced in the underlying BNSF/Amtrak lawsuit by being forced to litigate issues of coverage in the present action. As such, Slick Spot reserves its right to further challenge the sufficiency of United Financial's anticipatory declaratory judgment action as more information becomes available.

Because United Financial has not satisfied the elements of Constitution Associates, its Complaint for Declaratory Relief is legally insufficient and must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).  See PayoutOne, 602 F.Supp.2d at1222-23 (D. Colo. 2009).

## CONCLUSION

For the reasons stated herein, Plaintiff United Financial Casualty Company's Complaint for Declaratory Relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) & (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant Richard Lapp d/b/a Slick Spot Farm and Truck respectfully requests this Court dismiss Plaintiff's Complaint for Declaratory Relief in its entirety.

Respectfully submitted this April 30, 2012.

                                                s/ Seth A. Rider
                                                Seth A. Rider, Esq.
                                                Evan P. Lee, Esq.
                                                Baldwin Morgan & Rider, PC
                                                1512 Larimer Street, Suite 450
                                                Denver, CO 80202
                                                Phone: (303) 623-1832
                                                Fax: (303) 623-1833
                                                Email: seth@bmrpc.com
                                                            evan@bmrpc.com

*Attorneys for Defendant Richard Lapp d/b/a Slick Spot Farm & Truck*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served this April 30, 2012, to each of the following:

| | | |
|---|---|---|
| Franklin D. Patterson, Esq. | ( ) | via U.S. Mail |
| Brian D. Kennedy, Esq. | ( ) | via Hand Delivery |
| Frank Patterson & Associates, PC | ( ) | via Facsimile |
| 5613 DTC Parkway, Suite 400 | ( ) | via Overnight Mail |
| Greenwood Village, Colorado 80111 | ( ) | via Email |
| *Counsel for Plaintiff* | (x) | via CM/ECF System |
| | | |
| Nicole S. Bogen, Esq. | ( ) | via U.S. Mail |
| Wolfe Snowden Hurd Luers & Ahl, LLP | ( ) | via Hand Delivery |
| 1248 O Street, Suite 800 | ( ) | via Facsimile |
| Lincoln, Nebraska 68508 | ( ) | via Overnight Mail |
| *Counsel for Defendants National Railroad* | ( ) | via Email |
| *Passenger Corporation and BNSF Railways Company* | (x) | via CM/ECF System |
| | | |
| Jeanelle R. Lust, Esq. | ( ) | via U.S. Mail |
| Knudson, Berkheimer, Richardson & Endacott, LLP | ( ) | via Hand Delivery |
| | ( ) | via Facsimile |
| 3800 VerMaas Place, Suite 200 | ( ) | via Overnight Mail |
| Lincoln, Nebraska 68502 | ( ) | via Email |
| *Counsel for Defendants W-L Enterprises, LLC, Wright-Lorenz Grain Co., Inc. and Gary Jordan* | (x) | via CM/ECF System |
| | | |
| Neil Selman, Esq. | ( ) | via U.S. Mail |
| Selman Brietman, LLP | ( ) | via Hand Delivery |
| 11766 Wilshire Boulevard, Sixth Floor | ( ) | via Facsimile |
| Los Angelas, California 90025 | ( ) | via Overnight Mail |
| *Attorney for Defendant Western Heritage* | ( ) | via Email |
| *Insurance Company* | (x) | via CM/ECF System |

s/ Mary J. Pinkerton