UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-00432-MSK-MEH

UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation,

Plaintiff,

v.

RICHARD LAPP, d/b/a Slick Spot Farm & Truck, an individual; NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, a District of Columbia corporation; BNSF RAILWAY COMPANY, a Delaware corporation; W-L ENTERPRISES, LLC, a Kansas limited liability company; WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation; GARY JORDAN, an individual; WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation; CHRISTOPER NELSON, an individual; BRADLEY SWARTZWELTER, an individual; and JOHN DOES 1 through 27,

Defendants.

**PLAINTIFF UNITED FINANCIAL CASUALTY COMPANY'S RESPONSE TO DEFENDANT RICHARD LAPP d/b/a SLICK SPOT FARM & TRUCK'S MOTION TO DISMISS (doc. 22)**

United Financial Casualty Company ("United"), by and through its counsel, Frank Patterson & Associates, P.C., submits the following Response to Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Dismiss (doc. 22), filed April 30, 2012. Plaintiff provides:

### I. INTRODUCTION

Defendant Lapp's Motion and supporting brief contend that this Court lacks subject matter jurisdiction and that, if the Court has jurisdiction, United's Complaint should nevertheless be dismissed as premature, applying the reasoning in a Colorado state court decision, Constitution Assocs. v. New

1

Hampshire Ins. Co., 930 P.2d 556 (Colo. 1996). Specifically, Lapp argues that, because the identities of all passengers are not presently known to United, diversity jurisdiction cannot be supported. He further argues that this action will not fully and finally resolve the uncertainty now existing among the parties as to whether United might owe defense or indemnity.

Lapp's contentions lack merit. First, it is not necessary that United include all 175 train passengers as defendants. It is only potentially necessary to include indispensible parties. Even using that term loosely, that could only include those passengers who actually report injuries, as they may be claimants. United is only aware of 26 people who fall into that category and whose identities are, at present, unknown. Complete relief can be accorded without involving the other 149 people who claim no injury. Second, there is no evidence that any of these 26 potential claimants are indispensible parties who would destroy diversity, if they were to be brought into the lawsuit. At best, Lapp's Motion is premature. Permitting discovery to commence will allow the parties to establish definitively whether any of the injured passengers would destroy diversity.

## II. BACKGROUND FACTS

This case arises from an August 26, 2011 accident that took place near Benkelman, Nebraska, where an Amtrak train collided with a crane owned by Richard Lapp. The crane and the train were damaged, and 26 people on the train reported injuries. The crane was owned by Richard Lapp d/b/a Slick Spot Farm & Truck. It was being used by another company at the time of the incident as part of the demolition of a grain elevator adjacent to the railroad tracks. The

crane, which was roadable when the boom was down and the outriggers up, was covered by a policy of business automobile insurance issued by United. By its terms, the United policy would only provide coverage for a loss occurring while the crane was being used as a roadable vehicle and not while it was being used as mobile equipment (i.e. as a crane). A disagreement has arisen among the parties (particularly between United and Mr. Lapp) as to the meaning and enforceability of the United policy language, as well as to certain facts of the accident. United believes it does not owe Lapp defense or indemnity for claims asserted against him as a result of the August 26, 2011 accident. United filed this action to resolve the disagreement among the parties. *See* Complaint for Declaratory Relief (doc. 1). The court has jurisdiction over this action pursuant to 28 U.S.C. §1332, 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

### III. ARGUMENT

#### A. Standard of Review.

Lapp's Motion to dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Motions brought pursuant to Rule 12(b)(1) seek dismissal for lack of subject matter jurisdiction. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A plaintiff properly invokes § 1332 jurisdiction when he/she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount,

currently $ 75,000. Id.  When ruling on a motion brought pursuant to Fed.R.Civ.P. 12(b)(1) attacking the Complaint as facially defective, the Court must accept all well pleaded facts contained in the complaint as true.  Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995).  Where the motion is an attack on the facts upon which jurisdiction rests, independent an apart from the pleadings, the Court may consider matters outside of the complaint.  See Gould Elecs., Inc. v. U.S., 220 F.3d 169, 176 (3rd Cir. 2000).  If, however, the Court decides it is proper to consider facts outside of the complaint, it should inform the parties and should set a schedule for the submission of affidavits and other evidence.  Gordon v. Nat'l Youth Work Alliance, 675 F.2d 356, 360-361 (D.C. App. 1982).  Additionally, when a motion to dismiss for lack of subject matter jurisdiction is made prior to or during discovery, the plaintiff must be afforded the opportunity to conduct discovery into jurisdictional facts if it is possible that Plaintiff may be able to demonstrate that jurisdiction is proper.  See St. Clair v. Chico, 880 F.2d 199, 201 (9th Cir. 1989).

     Motions brought pursuant to Fed.R.Civ.P. 12(b)(6) challenge the formal sufficiency of the complaint.  In ruling on a 12(b)(6) motion, the Court must accept all well pleaded factual allegations contained in the complaint as true. Casanova v. Ulibarri, 595 F.3d 1120, 1124-25 (10th Cir. 2010).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

## B. This Court has Subject Matter Jurisdiction.

Lapp suggests that this Court lacks subject matter jurisdiction, because one of the 175 or so passengers on the Amtrak train involved in the accident might be a resident of Ohio.  Lapp's argument is flawed in critical respects.  Lapp assumes that all 175 passengers of the train are not only proper defendants but indispensible parties.   Lapp's argument is purely speculative and utterly unsupported by the factual allegations in the Complaint or by any extrinsic evidence.

Fed.R.Civ.P. 19(a)(1) describes parties who are required to be joined. The Rule provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(b) further address circumstances where it is not feasible to join a party who would qualify as a "required party."  The Rule provides:

> When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

5

      (2) the extent to which any prejudice could be lessened or avoided by:
         (A) protective provisions in the judgment;
         (B) shaping the relief; or
         (C) other measures;
     (3) whether a judgment rendered in the person's absence would be adequate; and
     (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Rule 19, provides in its paragraph (a) for joinder if feasible and in its paragraph (b) for determination by the court of action to be taken when joinder is not feasible. A decision to dismiss under paragraph (b) is a decision that the absent party is "indispensable." Wright v. First Nat'l Bank, 483 F.2d 73, 74 (10th Cir. 1973) (citing Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 118 (1968)).

In other words, a person who is subject to service of process and whose presence will not deprive the court of jurisdiction, must be joined if complete relief among those already parties cannot be accorded in his absence; or, if he claims an interest and is so situated that disposition of the action in his absence may, as a practical matter, either impair or impede his ability to protect the interest, or subject the parties or the court to a substantial risk of double liability or otherwise inconsistent obligations. Rippey v. Denver U.S. Nat'l Bank, 260 F. Supp. 704, 708 (D.C. Colo. 1966). The Court must order such a person to be made a party. Id. If, on the other hand, he or she cannot be joined as provided in Rule 19(a), the Court must then determine whether to proceed without the party or to dismiss the case. Id. The determination is to be made on the basis whether in equity and

good conscience the action should proceed among the parties before the court or should be dismissed. <u>Id.</u> If the latter conclusion is reached, the person is then and only then to be regarded as an indispensable party. <u>Id.</u> Equitable, pragmatic considerations should be controlling; the Rule requires the Court grapple with the elements of the case which weigh in favor of retention or dismissal. <u>Id.</u>

United's Complaint certainly does not allege that all of the passengers on the train are indispensible, nor does it allege facts that would rationally support that conclusion. On the contrary, the Complaint alleges that 26 people on the train reported injuries, excluding defendants Christopher Nelson and Bradley Swartzwelter who have already been joined in the suit. At most, the only persons who could be characterized even as necessary parties, within the ambit of Fed.R.Civ.P. 19(a), are those passengers who were injured and who assert a claim based upon those injuries. Lapp's suggestion that every single passenger is not only necessary but also indispensible borders on the ludicrous.

Indeed, Lapp points to nothing in the Complaint and no extrinsic evidence to support the notion even that any of the 26 people who reported injuries are indispensible parties. Absent such evidence, it is not necessary for United to establish that the court presently has jurisdiction over each and every one of these 26 people, many of whom may never pursue any claim, certainly not a claim that would implicate the United policy. Plaintiff included the John Doe defendants simply to give notice to the Court and of other Defendants of the *possibility* that other allegedly injured passengers *might* be added. There simply

is no reason effectively to require the joinder of these unknown persons, with no evidence that any of them are so essential that the suit cannot go forward without them.

Practical considerations militate against Lapp's argument as well. Lapp's position is essentially that, anytime an unknown person might need to be added as an additional plaintiff or defendant and if the addition of that person might destroy subject matter jurisdiction, the suit should immediately be dismissed. Particularly in diversity actions, the adoption of such a rule would prevent all but the simplest of cases (other than certain class actions) from going forward. District courts could not hear complex contract disputes or even a simple car accident case, as there would almost always be the remote possibility that some party would appear and assert an interest and turn out to be indispensible, destroying jurisdiction.

Particularly in the context of a declaratory relief action by an insurer, the rule advocated by Lapp would have the effect of preventing any action by an insurer until years after any accident (perhaps decades in situations where minors or incapacitated persons are involved), because we could never know with absolute certainty that a non-diverse claimant until all the applicable statutory limitations periods had passed. By that time, an insurer may have already have had to spend significant sums on defense and to defend garnishment actions in multiple venues. Such an outcome would defeat the very purpose of declaratory relief. While it is possible that an unidentified person will prove to be an indispensible party and while it is possible that this person will

8

also turn out to be an Ohio resident, there is no evidence of this whatsoever. It is equally likely if not more likely that nothing of the sort will ever occur. Consequently, dismissal for lack of subject matter jurisdiction would be improper.

Lapp cites a 7th Circuit case for the proposition that a John Doe Defendant defeats diversity jurisdiction, Howell v. Tribune Entm't Co., 106 F.3d 215 (7th Cir. 1997). That case is not binding on this Court and is distinguishable. In Howell, a Wisconsin case, the plaintiff named a specific insurance company as a defendant (i.e. not a John or Jane Doe defendant). Id. at 217. However, the plaintiff did not know in what state in which the insurance company resided. Id. The plaintiff never served the insurance company, but the trial court never dismissed it from the suit either. Id. at 217-218. The appellate court concluded that, in order to ensure diversity, the insurance company should be dismissed from the suit. Id. While it is true that the 7th Circuit Court of Appeals indicated, in dicta, that a John Doe party could not be included in most diversity actions, there is no holding on that point, first of all. Second, the 7th Circuit case is not binding authority here. United is not aware of any 10th Circuit or U.S. Supreme Court case holding that the inclusion of a John Doe defendant requires dismissal of the entire action, as a matter of course. Indeed, even the Howell case would not support that conclusion, as the appellate court simply dismissed the potentially non-diverse defendant.

Lapp cites a number of other cases in which district courts dismissed cases involving John Doe defendants. However, none of those cases are from Colorado or any district court within the 10th Circuit. None are in any way binding

on this court. The facts of those cases are also dissimilar. <u>W.L. Meng v. Schwartz</u>, 305 F.Supp.2d 49 (D.D.C. 2004), for instance, was a shareholder derivative action. Those cases simply do not logically support the sweeping contention that, listing a John or Jane Doe in the caption creates an incurable, fatal defect. Indeed, another way to look at Lapp's Motion is as a sort of "magic words" argument in the context of diversity actions. If, as a plaintiff, you omit mention of certain claimants you know you may later seek to add, though you may not know their names without access to discovery, such a complaint would be sound and would survive a Rule 12(b)(1) motion. On the other hand, if you include the magic words, "John Doe" or "Jane Doe" in the same complaint with the same facts, the entire suit must be dismissed, no matter what. Such a system needlessly puts form over substance and actually encourages plaintiffs to be less candid with defendants and with the court. It should not serve as a basis for dismissal. Even if other district courts have been swayed by the "magic words," this court need not and should not follow their lead.

Lapp's concerns about jurisdiction can better and more fairly be addressed in a simple way: allow discovery to go forward. Disclosures and very simple, written discovery should allow Plaintiff and other parties to know the names of potential claimants and their addresses. Simple investigation will tell whether any resided in Ohio at the time suit was filed and whether an argument can be made that any such person is an indispensible party. If so, Defendant Lapp can bring an appropriate motion at that time. Plaintiff should be permitted an opportunity to conduct such discovery, before the action is dismissed.

### C. **United's Complaint States a Claim for Which Relief Can be Granted.**

In addition to seeking dismissal for lack of subject matter jurisdiction, Plaintiff makes the related argument that United's Complaint fails to state a claim for which relief can be granted, because United has not named and served every single passenger on the train as a defendant. Lapp relies on a Colorado case, Constitution Associates, 930 P.2d 556, in support of this notion. Again, Lapp's argument is flawed.

First, Colorado law only governs the substantive aspects of the case. *See* Woods v. Interstate Realty Co., 337 U.S. 535, 538 (1949). Federal decisional law applies to procedural matters. *See* Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1442 (2010). For example, in interpreting the insurance contract and determining the enforceability of various provisions, the Court looks to Colorado law. However, in considering questions of federal procedure, interpreting Fed.R.Civ. P. 57 and 28 U.S.C. § 2201, this Court looks to federal decisional law. In his Motion, Lapp is not arguing about the meaning of the contract or the enforceability of various provisions. He is suggesting that this declaratory relief action cannot go forward as it is presently postured for procedural reasons, namely that United has not named as defendants all 175 Amtrak passengers. Plaintiff's argument requires the Court look to § 2201 and to Rule 57 to determine whether, procedurally, the case can go forward. Constitution Associates is inapposite.

11

Second, even applying Constitution Associates, United's Complaint states a claim. Constitution Associates simply requires that a declaratory judgment fully and finally resolve the uncertainty and controversy as to all parties with a substantial interest in the matter. Constitution Associates, 930 P.2d at 561. This action will do that. All parties known to have a significant interest in the resolution of this dispute have been included by name in this action. The only omission, a person who United agrees should be joined, is Gerald Shetler, who had borrowed the crane in question and whose company was apparently operating the crane at the time of the loss. United is in the process of filing a Motion to Amend the Complaint, seeking to add Mr. Shetler as a Defendant. Adding 175 people who have not yet indicated any interest in the outcome of this dispute is not required. In other words, even if they did apply, this action satisfies the requirements set forth in Constitution Associates.

The Fed.R.Civ.P. 12(b)(6) portion Lapp's Motion actually reiterates the same argument that the Court should dismiss the Complaint applying the logic found in Fed.R.Civ.P. 19. Plaintiff's argument asks the Court to determine that all 175 passengers are indispensible parties and must be joined as defendants. As is discussed in section A above, neither Rule 19 nor common sense require such a result. Indeed, Rule 19(a) does not even necessarily require that the 26 John Doe defendants mentioned by United be joined.

### D. Even if the Court Finds Fault with United's Complaint, Dismissal of the Action is not the Proper Remedy.

Even if the Court finds fault with United's pleading, dismissing this action would be costly overkill. There is no question that an actual controversy exists between United and Defendants over the obligations imposed by the United policy. Justice requires that the controversy be resolved as quickly and inexpensively as is reasonably possible. Dismissing the action would only create delay and invite refiling in this Court or another, with all of the costs involved in that process being again imposed on the parties.

Even if the Court concludes that it was improper for United to list the John Doe defendants in this action, the proper recourse is simply to dismiss the John Doe defendants. If additional persons follow through and assert claims based upon their reported injuries which potentially implicate the United policy, United or defendants may ask the Court to join them as parties. With respect to the addition of Gerald Shetler as a defendant, United agrees that his addition is proper and is in the process of filing a Motion to Amend the Complaint to add him as a party. Particularly with Mr. Shetler, this action will efficiently, fully and finally resolve the coverage dispute now existing between United and Defendants. That is precisely what § 2201 and Fed.R.Civ.P. 57 are designed to accomplish.

### IV. CONCLUSION

The inclusion of John Doe defendants in the Complaint is not the fatal flaw Defendant Lapp suggests. Neither the U.S. Supreme Court nor the 10th Circuit Court of Appeals has ever held that the inclusion of a John Doe defendant

13

requires instant dismissal of a diversity suit. Nothing in the Complaint and no extrinsic evidence offered by Lapp supports the conclusion that the 27 John Doe defendants are indispensible parties who would destroy diversity. Thus, if any action is warranted, the Court should simply permit the dismissal of the John Doe defendants, without prejudice.

Lapp's contention that all 175 passengers must be included for relief to be proper is similarly unavailing. There is nothing in the Complaint and no evidence offered by Lapp that any of these people are necessary much less indispensible parties. Lapp's argument is pure speculation, inconsistent with Fed.R.Civ.P. 19 and 10th Circuit decisional law.

WEHEREFORE, Plaintiff United Financial Casualty Insurance Company prays for an Order denying Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Dismiss (doc. 22) in its entirety and providing such other and further relief as the Court deems just.

Respectfully submitted this 21st day of May, 2012.

FRANK PATTERSON & ASSOCIATES, P.C.

By: s/ Brian D. Kennedy
Franklin D. Patterson
Brian D. Kennedy
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
Telephone:  (303) 741-4539
Email: fdpatterson@frankpattersonlaw.com
bkennedy@frankpattersonlaw.com
Attorneys for Plaintiff

14

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was filed electronically in the United States District Court this 21st day of May, 2012, with instructions to serve the following:

Nichole S. Bogen, Esq.
1248 "O" Street, Suite 800
Lincoln, NE 68508
nbogen@wolfesnowden.com
*Counsel for Amtrak*

Neil Selman, Esq.
Selman Breitman, LLP
lhall@selmanbreitman.com
*Counsel for Western Heritage*

Jeanelle R. Lust, Esq.
3800 Vermaas Place, Suite 200
Lincoln, NE 68502
jlust@knudsenlaw.com
*Counsel for Wright-Lorenz; W-L Enterprises and Gary Jordan*

Evan Lee, Esq.
1512 Larimer Street, Suite 450
Denver, CO 80202
evan@bmrpc.com
*Counsel for Richard Lapp*

  s/ Brian D. Kennedy
Brian D. Kennedy

15