IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00432-MSK-MEH

UNITED FINANCIAL CASUALTY COMPANY,

    Plaintiff,

v.

RICHARD LAPP, an individual d/b/a Slick Spot Farm & Truck,
NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia corporation d/b/a Amtrak,
BNSF RAILWAY COMPANY, a Delaware corporation,
W-L ENTERPRISES, LLC, a Kansas limited liability company,
WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation,
GARY JORDAN, an individual,
WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,
CHRISTOPHER NELSON, an individual,
BRADLEY SWARTZWELTER, an individual, and
JOHN DOES 1 THROUGH 27,

    Defendants.

---

## ORDER ON DEFENDANT'S MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c) [filed June 22, 2012; docket #46]. The matter has been referred to this Court for disposition [docket #49]. For the reasons that follow, Defendant's motion is **denied**.

**I.    Background**

    Plaintiff instituted this action on February 17, 2012, then filed an Amended Complaint on June 5, 2012. In essence, Plaintiff seeks a declaration that its commercial general liability insurance policy issued to Defendant Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot") does not

afford liability coverage for an accident concerning the collision of a train and a crane belonging to Slick Spot. *See* Amended Complaint [docket #34]. On June 14, 2012, Slick Spot responded to the Amended Complaint by filing a Motion to Dismiss alleging, among other defenses, that the Court lacks subject matter jurisdiction over the action. A week later, Slick Spot filed the present Motion to Stay Discovery, alleging that "[b]ecause the pending Motion to Dismiss Amended Complaint may dispose of the this matter without the need for discovery, a temporary stay of discovery is necessary to prevent the parties from incurring unnecessary expenses and litigation costs." *See* docket #46 at 2. Plaintiff opposes any request to stay discovery longer than 30 days.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In determining whether to grant a stay, courts typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955 *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)).

Here, Slick Spot seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-

2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).  Slick Spot is the only one of seven Defendants appearing in this case to have filed a motion to dismiss.  Staying the entire case while Slick Spot's sole motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements.  *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008).  The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection.  *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).  In this matter, Slick Spot seeks a stay of discovery for 60 days or upon a ruling on the pending motion to dismiss, whichever occurs first.  The motion to dismiss was only recently filed on June 14, 2012 and will not be fully briefed until on or about July 25, 2012.  Slick Spot's expectation to have a ruling on a fully briefed dispositive motion in less than 30 days is merely speculative; thus, its request for a stay may be more aptly construed as for an indefinite period.  To justify its request for an indefinite stay, Slick Spot states only that "beginning discovery prior to a ruling on the motion to dismiss would place Slick Spot, a small business, in the position of having to fund expensive discovery on a case that may ultimately be dismissed for lack of subject matter jurisdiction."  Docket #46 at 3-4.  However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs.  *See Chavez, supra*.  Here, there is no evidence of a special burden on Slick Spot.

Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss.  *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14,

2006). This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Consequently, a consideration of the *String Cheese* factors, as well as the general interests of controlling the court's docket and the fair and speedy administration of justice, require that the present motion to stay discovery be denied.

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c) [filed June 22, 2012; docket #46] is **denied**.

Dated at Denver, Colorado, this 26th day of June, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge