IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00432-MSK-MEH

UNITED FINANCIAL CASUALTY COMPANY,

    Plaintiff,

v.

RICHARD LAPP, an individual d/b/a Slick Spot Farm & Truck,
NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia corporation d/b/a Amtrak,
BNSF RAILWAY COMPANY, a Delaware corporation,
W-L ENTERPRISES, LLC, a Kansas limited liability company,
WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation,
GARY JORDAN, an individual,
WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,
CHRISTOPHER NELSON, an individual,
BRADLEY SWARTZWELTER, an individual,
GERALD SHETLER d/b/a G&S Recycling, and
JOHN DOES 1 THROUGH 27,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Dismiss Amended Complaint for Declaratory Relief [filed June 14, 2012; docket #40]. The motion is referred to this Court for recommendation. (Docket #41.) Oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that the District Court **GRANT** the motion to dismiss.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

**BACKGROUND**

**I.    Facts of the Case**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiff in the Amended Complaint for Declaratory Relief ("Amended Complaint"). These allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001),[2] and under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This declaratory action arises from a dispute as to insurance coverage for the defense of potential lawsuits concerning the collision and derailment of an Amtrak train with a 1971 Hendrickson crane, which was being used to demolish a grain elevator located near railroad tracks.

The Plaintiff insurance company is a corporation created and existing under the laws of the State of Ohio with its principal place of business in Ohio. None of the named Defendants in this case is domiciled in or a citizen of Ohio. Defendants John Doe 1-26 represent passengers alleged to have been injured in the accident, but whose identities are unknown to the Plaintiff. John Doe 27 represents the operator of the crane, whose identity is unknown to the Plaintiff. The Amended Complaint mentions nothing about the citizenship of the John Doe Defendants.

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[2]The Court construes the present motion as a "facial" attack on the Amended Complaint.

Plaintiff issued a business automobile insurance policy to Defendant Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot"), whose residence and principal place of business is in Colorado. A 1971 Hendrickson crane is listed as an insured vehicle on the policy. The crane could be operated as a roadable vehicle or as an immobile power crane. The policy covers the crane only in situations where the crane is operated as a roadable vehicle.

On August 26, 2011, Defendant Gerald Shetler was using the crane in the demolition of a grain elevator located near railroad tracks. The crane was parked between the elevator and the tracks with its outriggers down and its boom extended. The crane was struck by an Amtrak train traveling from Denver to Chicago. The crane was seriously damaged, and the train derailed resulting in property damage. In addition, Defendants Nelson and Swarzwelter and several train passengers claim to have sustained physical and emotional injuries as a result of the collision and derailment. Nelson, Swartzwelter, Defendant National Railroad Passenger Corporation and Defendant BNSF Railway Company have asserted claims against Defendants Slick Spot and Shetler as a result of the collision.

Defendant Lapp submitted a claim for defense and indemnity under the Plaintiff's policy. Defendant Western Heritage Insurance Company has issued a commercial general liability insurance policy to Defendant Slick Spot; its obligation to pay for defense or indemnity of Slick Spot is, in part, dependent upon whether Plaintiff owes Slick Spot any duty of defense or indemnity.

**II.     Procedural History**

On February 17, 2012, Plaintiff initiated this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201(a) governing declaratory judgments. (Docket #1.) On May 31, 2012, Plaintiff filed a motion for leave to file an amended complaint; the Court granted the motion and entered the

3

Amended Complaint on the docket. (*See* dockets #29 and #33.) Plaintiff seeks a declaration that it owes Slick Spot neither defense nor indemnity under the subject insurance policy for claims arising from the August 26, 2011 collision and derailment. (Docket #34 at 6.)

Before Plaintiff moved to amend the complaint, Slick Spot filed a motion to dismiss Plaintiff's Complaint on April 30, 2012 for lack of subject matter jurisdiction, due to Plaintiff's failure to establish complete diversity and for failure to state a claim, since the Amended Complaint does not name all train passengers and, thus, the requested declaratory relief will not fully and finally resolve the action as to all interested parties. (Docket #22.) However, upon issuance of the Amended Complaint, the Court denied Slick Spot's motion as moot. (Docket #50.) Slick Spot filed the present motion to dismiss the Amended Complaint on June 14, 2012 asserting that the amendment (addition of Defendant Shetler) did nothing to correct the original Complaint's deficiencies and relying on its arguments presented in the original motion. (Docket #40.)

Plaintiff responded to the present motion contending that the John Doe Defendants are not necessarily indispensable parties who would destroy diversity jurisdiction if they were brought into the lawsuit. Plaintiff asserts that it should be permitted discovery to allow it to establish the John Does' identities and citizenship. Further, Plaintiff contends that it need not join all train passengers to resolve this matter, since Fed. R. Civ. P. 19 requires only the joinder of indispensable parties. Plaintiff states that John Does 1-26 represent those passengers who have reported injuries and, thus, may be claimants in the action; none of the other passengers have made claims or reported any injuries.

Slick Spot replies that Rule 19 has nothing to do with establishing diversity jurisdiction, and that Plaintiff fails to identify the citizenship of each John Doe Defendant and fails to cite case law

supporting its position that it need not identify the John Does' citizenship. Further, because all train passengers are potential claimants in this matter, Slick Spot argues the Plaintiff is required to name them all to properly seek a legally valid declaration in this action.

## **LEGAL STANDARDS**

### I.      Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause *at any stage* of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis in original). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear its claims. Further, in reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true; however, under a factual attack, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart*, 271 F.3d at 1225 (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does

not convert the motion into a Rule 56 motion." *Id.*

## II.     Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## ANALYSIS

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan.1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.")

**I.     Subject-Matter Jurisdiction**

The Plaintiff invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Slick Spot contends the Plaintiff has failed to meet its burden of establishing complete diversity jurisdiction in this case.

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Id.* (quoting *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "'[W]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal.'" *United States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)) (emphasis in original).

A plaintiff properly invokes diversity jurisdiction under 28 U.S.C. § 1332 "when [he]

presents a claim between parties of diverse citizenship that exceeds the jurisdictional amount, currently $75,000.00." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).  "A party's 'citizenship' for purposes of federal jurisdiction is determined by looking to the person's domicile. Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely." *Hassan v. Allen*, 149 F.3d 1190 (table), 1998 WL 339996, at *5 (10th Cir. June 24, 1998) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) and *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).  A party's domicile "must be determined as of the moment the plaintiff's complaint is filed." *Id.* at *6.

    A.    <u>Does the Naming of John Doe Defendants Destroy Diversity Jurisdiction?</u>

Here, the parties do not dispute that Plaintiff has met the "amount in controversy" prong of Section 1332's requirements; however, Slick Spot argues that, in failing to set forth each John Doe's citizenship information in the Amended Complaint, the Plaintiff fails to establish complete diversity jurisdiction.

The Plaintiff alleges it is "a corporation created and existing under the laws of the State of Ohio with its principal place of business in Ohio." Amended Complaint, ¶ 1, docket #34. According to the Amended Complaint, no other named Defendant is domiciled in, or is a citizen of, Ohio. *Id.* at ¶¶ 2-11. However, the Plaintiff fails to assert the domicile of each John Doe Defendant. *See id.* at ¶ 12. Slick Spot argues Plaintiff's failure destroys diversity and subjects the case to dismissal for this Court's lack of subject matter jurisdiction.

The Tenth Circuit has not opined on whether the naming of unknown Doe defendants with the filing of a complaint in federal court destroys diversity jurisdiction. In an opinion upholding the trial court's decision that a plaintiff failed to establish diversity jurisdiction, the Tenth Circuit noted

that the trial court based its decision on the failure to establish citizenship of a "John Doe" defendant, but the Tenth Circuit affirmed based upon the Plaintiff's failure to establish the citizenship of the named defendant. *McBride v. Doe*, 71 F. App'x 788, 789 (10th Cir. July 29, 2003). Because the Tenth Circuit declined to opine on the issue, this Court may not infer from *McBride* how the Tenth Circuit may rule.

However, a trial court in the Tenth Circuit determined that plaintiffs failed to establish diversity jurisdiction by failing to make any good-faith allegation concerning the citizenship of each of the "John Does 1-20" named in the complaint. *See Van DeGrift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010). The *Van DeGrift* court found that plaintiffs' mere statement identifying "John Does 1-20 and any and all other successor entities to Lehman Brothers" said nothing of citizenship and failed to establish diversity.

Like the court in Utah, trial courts in other circuits have found that plaintiffs who fail to identify the citizenship of each John Doe defendant fail to establish diversity jurisdiction. *See Meng v. Scwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004); *Payich v. GGNSC Omaha Oak Grove, LLC*, No. 4:12cv3040, 2012 WL 1416693, at *3 (D. Neb. Apr. 24, 2012) (unpublished); *Stephens v. Halliburton Co.*, No. A.3:02-cv-1442-L, 2003 WL 22077752, at *6 (N.D. Tex. Sept. 5, 2003). These courts cite the Seventh Circuit's opinion in *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) for its holding that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *See also Holz v. Terre Haute Reg'l Hosp.*, 123 F. App'x 712, 713-14 (7th Cir. 2005) (same).

Other courts, however, have determined that the mere presence of Doe defendants does not destroy diversity jurisdiction unless the defendants are later revealed to have the same citizenship

as the plaintiff. *See Macheras v. Center Art Galleries-Hawaii, Inc.*, 776 F. Supp. 1436, 1440 (D. Haw. 1991); *see also Johnson v. Rite Aid*, No. 10-2012 (DMC), 2011 WL 2580375, at *1 (D.N.J. June 28, 2011); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 220 (D. Conn. 2009).

Interpreting the plain text of Section 1332 and considering that the jurisdiction of a federal court is limited and to be narrowly construed, this Court recommends adopting the view that naming John Doe defendants in a Section 1332 action without identifying their citizenship destroys diversity jurisdiction. Section 1332(a)(1) requires that diversity actions be brought between citizens of different states. As set forth above, the party invoking jurisdiction bears the burden of pleading "the facts essential to show jurisdiction." *Penteco Corp.*, 929 F.2d at 1521 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Thus, if, in an original case, the plaintiff fails to plead or show the citizenship of each of the parties, the Court cannot determine whether diversity is established and jurisdiction is non-existent.

Any reference to the removal statute, 28 U.S.C. § 1441, does not change the Court's recommendation. Congress amended Section 1441 with the Judicial Improvements and Access to Justice Act of 1988 specifically to curtail the practice of plaintiffs naming fictitious defendants in state court actions to destroy diversity, thereby preventing defendants from exercising a right of removal. Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 14 Federal Practice & Procedure § 3642 (3d ed. 1998) (citing Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100–702 § 1016(a), 10 Stat. 4669 (1988)). As such, Section 1441(b) authorizes courts to disregard the citizenship of fictitious defendants in the removal of actions to federal court for the purpose of determining jurisdiction under Section 1332. There is no indication that Congress has amended, or plans to amend, Section 1332 in the same manner.

B.     May Diversity Jurisdiction be Restored by Dropping the John Doe Defendants?

Concluding that the Plaintiff here fails to identify the citizenship of each John Doe Defendant does not end the inquiry. According to *Howell* and its progeny, exceptions to the general rule exist: (1) as set forth above, naming a Doe defendant does not defeat a named defendant's right to remove a diversity case if its citizenship is diverse from the plaintiff's; (2) if the Doe defendant is merely a "nominal" party, it may be irrelevant to diversity jurisdiction; and (3) the domicile of a fugitive defendant will be considered to be his domicile before he fled. Exceptions (1) and (3) do not apply here; however, Plaintiff's argument that the John Doe Defendants are merely "indispensible" parties might be construed as an invocation of exception (2).

In identifying exception (2), the Seventh Circuit in *Howell* cites to *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996). According to *Moore*, a fictitious party is "nominal" if the plaintiff includes the party in the complaint in the event that during discovery he identifies any additional defendants he wishes to add to the suit. *Id.* A fictitious party is not nominal, though, where the plaintiff knows that there are specific additional defendants he wishes to sue, but is uncertain as to their names. *Id.* Here, Plaintiffs allege "John Doe Defendants 1 through 26 represent passengers alleged to have been injured in the accident but whose identities are presently unknown to Plaintiff. The 27th John Doe Defendant represents the operator of the crane, whose identity is also presently unknown to Plaintiff." Amended Complaint, ¶ 12, docket #34. Following *Moore*, the John Doe Defendants named in this action are not nominal parties.

Plaintiff argues that *Howell* is distinguishable in that the plaintiff named a specific insurance company rather than a John Doe defendant, and in that the insurance company was dismissed from the suit to ensure diversity. Response, docket #25 at 9. First, however, the insurance company defendant named in *Howell* ("ABC Insurance Co.) was not necessarily a specific company. The named defendant, Tribune Entertainment Co., characterized the insurance company as "unidentified"

11

and the plaintiff's lawyer simply expressed his belief that the company was "Tribune's liability insurer." *Howell*, 106 F.3d at 217. Moreover, in referring to the insurance company, the court stated, "[s]tates often allow a plaintiff to name an unknown party as an additional defendant." *Id.* at 218. Therefore, while the opinion is a bit vague, it is likely that the insurance company in *Howell* was an unknown defendant.

As such, the holding in *Howell* (set forth above) applies to the insurance company and is not "dicta" as argued by the Plaintiff here. The *Howell* court specifically found that the plaintiff's lack of knowledge as to the insurance company's citizenship destroyed diversity jurisdiction, and that none of the exceptions applied. *Id.* Citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), however, the court asserted its authority to restore complete diversity by dropping the insurance company whose presence was unnecessary to the proper resolution of the controversy. *Id.* at 837 (courts of appeals have the authority to dismiss a dispensable nondiverse party without remanding the matter to the trial court). Likewise, here, Plaintiff suggests that, "[e]ven if the Court concludes that it was improper for United to list the John Doe defendants in this action, the proper recourse is simply to dismiss the John Doe defendants." Response, docket #25 at 13. Plaintiff cites no legal support for this proposition but argues elsewhere that diversity jurisdiction is not necessarily destroyed if the John Doe Defendants are not considered "indispensable" pursuant to Fed. R. Civ. P. 19.

Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction]...." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (alterations in original) (quoting *Newman-Green, Inc.*, 490 U.S. at 832). Dismissal of parties under Rule 21 "on just terms" is committed to the sound discretion of

12

the court. *Id.* In the exercise of its discretion, the Court must consider whether the party to be dismissed under Rule 21 is an indispensable party within the meaning of Federal Rule of Civil Procedure 19. *Id.*

Under Rule 19(b), the court must consider the following factors to determine whether a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. "Whether a party is indispensable, considering the factors required under Rule 19(b), is a matter left to the district court's discretion." *Lenon*, 136 F.3d at 1371. The list of factors is nonexclusive. *Davis v. United States*, 343 F.3d 1282, 1289 (10th Cir. 2003).

"In a diversity case such as this one, the question of whether a party is necessary or indispensable is a question of federal law." *Huber v. Taylor*, 532 F.3d 237, 247 (3d Cir. 2008) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 n. 22 (1968)). Plaintiff here describes the John Doe Defendants as "passengers alleged to have been injured in the accident but whose identities are presently unknown to the Plaintiff." Amended Complaint, ¶ 12. Plaintiff states that the Doe Defendants are the only passengers it knows to have asserted claims based upon their injuries. Plaintiff argues that, currently, there is no evidence that any of the Doe Defendants are "indispensable," and that discovery should proceed to allow the Plaintiff to learn the identities and citizenship of each Doe. Plaintiff makes no argument concerning the Rule 19(b) factors; however, with its suggestion that the Court drop the parties (as an alternative to dismissal of the case) the Plaintiff seems (and would need) to argue that the Doe Defendants are dispensable.

Although Plaintiff contends that discovery is necessary to obtain the Doe Defendants'

13

identities and citizenship information, the Court concludes that such information does not necessarily assist in a Rule 19(b) analysis. Rather, the Plaintiff describes the 26 Doe Defendants as the same as Defendants Christopher Nelson and Bradley Swartzwelter (absent the identities), having claims against Slick Spot (and, perhaps, others) for injuries incurred in the collision and derailment. Considering the factors set forth in Rule 19(b), the Fifth and Eleventh Circuits have determined that tort claimants, having claims against an insured for personal injuries, are indispensable parties to an insurer's declaratory action seeking a judgment that, under the coverage provisions of a contract, the insurer is not liable for the personal injury claims. *See Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir. 1974); *American Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 543 (11th Cir. Apr. 21, 2005). Likewise, a trial court in the Tenth Circuit has found that a plaintiff in an underlying action was indispensable to a declaratory action brought by the underlying defendant's insurance company for a judgment concerning liability coverage. *See American Int'l Specialty Lines Ins. Co. v. Reimer & Koger Assoc., Inc.*, 874 F. Supp. 324, 328-29 (D. Kan. 1995). Persuaded by these decisions and having considered the Rule 19(b) factors, this Court recommends that the District Court find the Doe Defendants are indispensable to this declaratory action and may not be dropped pursuant to Rule 21.

First, a declaratory judgment of either liability or non-liability on the part of the Plaintiff likely would have a practical effect on the Doe Defendants, given the possibility of Defendants obtaining judgments on their claims against the insured, Slick Spot. *Ranger Ins. Co.*, 488 F.2d at 683. For instance, an "adverse ruling could, as a practical matter, impair [the Doe Defendants'] probability of success in a future [or pending] proceeding and reduce [their] ability to reach a favorable settlement." *American Int'l Specialty Lines Ins. Co.*, 874 F. Supp. at 328 (citing *Gonzales v. Cruz*, 926 F.2d 1, 6 (1st Cir. 1991)). As for the second factor, the Court cannot conceive of any relief that would protect absent Doe Defendants' rights to any insurance proceeds that might be

available to them, or lessen or avoid any prejudice. *Id.*

The third factor refers to the public interest in efficient, nonrepetitive litigation. *See Ranger Ins. Co.*, 488 F.2d at 684 (citing *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 111). Certainly, the Doe Defendants would be free to initiate their own actions in state court to determine any rights they may have to the insurance policy at issue; however, considering that the purpose of a declaratory action is to join all parties and resolve all disputes in one action, consideration of the third factor weighs in favor of finding the Doe Defendants indispensable. *See American Int'l Specialty Lines Ins. Co.*, 874 F. Supp. at 328 (citing *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 295 (10th Cir. 1975)).

As for the fourth factor, the Plaintiff here has an adequate remedy if the action is dismissed; it may simply bring the action in state court. *See id.* Because this action was filed shortly after the collision occurred, the Court perceives no unfair prejudice to the Plaintiff in litigating its claims in a state forum. Weighing the Rule 19(b) factors in this matter, the Court finds that the Doe Defendants are indispensable parties that may not be dropped pursuant to Rule 21.

Accordingly, because Plaintiff's naming of the Doe Defendants destroys diversity jurisdiction, and because they are indispensable to this declaratory action, the Court recommends that the District Court dismiss this case for lack of subject matter jurisdiction.

## II. Failure to State a Claim

Because the Court recommends that the case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the undersigned need not address Slick Spot's alternative argument that the case should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

Accordingly, for the reasons stated herein, the Court respectfully RECOMMENDS that the

District Court **grant** Defendant Richard Lapp d/b/a Slick Spot Farm & Truck's Motion to Dismiss Amended Complaint for Declaratory Relief [filed June 14, 2012; docket #40] for lack of subject matter jurisdiction.

Respectfully submitted at Denver, Colorado, this 12th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge