IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00432-MSK-MEH

UNITED FINANCIAL CASUALTY COMPANY,

    Plaintiff,

v.

RICHARD LAPP, an individual d/b/a Slick Spot Farm & Truck,
NATIONAL RAILROAD PASSENGER CORPORATION, a District of Columbia corporation d/b/a Amtrak,
BNSF RAILWAY COMPANY, a Delaware corporation,
W-L ENTERPRISES, LLC, a Kansas limited liability company,
WRIGHT-LORENZ GRAIN CO. INC., a dissolved Kansas corporation,
GARY JORDAN, an individual,
WESTERN HERITAGE INSURANCE COMPANY, an Arizona corporation,
CHRISTOPHER NELSON, an individual,
BRADLEY SWARTZWELTER, an individual, and
JOHN DOES 1 THROUGH 27,

    Defendants.

---

## ORDER ON MOTION FOR PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion for Protective Order re: [Plaintiff's] First Set of Written Discovery Pursuant to Fed. R. Civ. P. 26(c) filed by Defendant Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot") [filed December 13, 2012; docket #72]. The matter is fully briefed and has been referred to this Court for disposition. Oral argument will not assist the Court in its adjudication of the motion. For the reasons that follow, Defendant Slick Spot's motion is **granted in part and denied in part**.

**I.**    **Background**

Plaintiff instituted this action on February 17, 2012, then filed an Amended Complaint on June 5, 2012. In essence, Plaintiff seeks a declaration that its commercial general liability insurance policy issued to Defendant Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot") does not afford liability coverage for an accident concerning the collision of a train and a crane belonging to Slick Spot. *See* Amended Complaint [docket #34]. On June 14, 2012, Slick Spot responded to the Amended Complaint by filing a Motion to Dismiss alleging, among other defenses, that the Court lacks subject matter jurisdiction over the action.

The Motion to Dismiss was referred to this Court for recommendation; this Court issued a Recommendation on October 12, 2012 that the District Court grant the motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction. The Recommendation remains pending before the District Court. Also pending before the District Court is Slick Spot's Motion for Stay of Proceedings and Administrative Closure Pursuant to D.C. Colo. LCivR 41.2, filed July 20, 2012.

Meanwhile, the Court held a scheduling conference in this case on June 29, 2012. Pursuant to the governing Scheduling Order, the discovery cutoff is March 15, 2013.

In the present motion, Slick Spot seeks an order protecting it from responding to written discovery requests served by the Plaintiff on November 29, 2012. Slick Spot argues that several of Plaintiff's written discovery requests seek information that is relevant only to the question of subject matter jurisdiction, which is currently under review by the District Court. Moreover, Slick Spot contends it will suffer both burden and expense in responding to the discovery requests. Specifically, Slick Spot claims that it "will be forced to incur approximately $5,000.00 to $8,000.00 in attorney's fees in responding to written discovery in a case that Magistrate Judge Hegarty has already recommended be dismissed." Motion, docket #72 at 3. Further, Slick Spot asserts that

being required to respond "will severely prejudice [its] defense of the underlying litigation," since, for example, certain requests seek admissions of facts concerning the position of the crane at the time of the accident that are both material and disputed in the underlying litigation.

Plaintiff counters that the Court has already addressed and rejected Slick Spot's request to stay discovery, and that no rule or Court order currently exists preventing Plaintiff from seeking the identities and citizenship of witnesses and potential parties. Plaintiff also argues that Slick Spot's stated financial burden is not so shocking as to warrant protection, and that Slick Spot failed to provide an affidavit attesting to its actual burden. Further, Plaintiff contends that "the reality that the physical positioning of the crane and its parts is relevant to more than one lawsuit does not create or comprise any sort of unfair prejudice to Lapp." Response, docket #74 at 3. Specifically, Plaintiff asserts that the issue in the underlying litigation – whether the crane was operated in a negligent manner – is separate from the issue in this lawsuit – whether the crane was being used as power equipment rather than as a roadable vehicle. *Id.* at 7-8. Finally, Plaintiff argues that Slick Spot's request for protective order is overbroad, in that it seeks protection from responding to all discovery requests as opposed to those unidentified requests to which Slick Spot objects.

Slick Spot replies that the special circumstances of the posture of this case will require that Slick Spot undergo the additional burden of coordinating any responses to Plaintiff's written discovery with three different attorneys representing Slick Spot in the underlying litigation. Further, Slick Spot contends that an affidavit is not required to set forth its counsel's statements concerning the financial burden it may incur. Slick Spot also contends that Plaintiff failed to address the balancing of Defendant's burden and Plaintiff's need, stating that Plaintiff has no need for the requested discovery since the determination of a duty to defend or duty to indemnify must be based

3

only on the allegations of the underlying complaint or facts adduced at the underlying trial.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Pursuant to Rule 26(b)(2)(C), where the burden of producing relevant discovery outweighs the likely benefit, the Court must limit the frequency or extent of discovery otherwise allowed by the rules. Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, Slick Spot contends that it will suffer undue burden and expense, as well as undue prejudice, if required to respond to Plaintiff's written discovery requests, and that such burdens outweigh any need Plaintiff may have for the requested discovery.

   A.     <u>Undue Burden or Expense</u>

In seeking a protective order, Slick Spot asks the Court to keep in mind that a recommendation to dismiss Plaintiff's claims against it is pending before the District Court. However, generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one, pending before Chief Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Therefore, the Court is not persuaded that an order protecting Slick Spot from responding to discovery based solely upon the pending recommendation is proper.

Slick Spot also contends that it will suffer a financial burden in being required to pay $5,000-

$8,000 in attorney's fees for not only responding to the requested discovery, but also coordinating such responses with three different attorneys representing Slick Spot in the underlying litigation. A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). That is, unless the challenged discovery is unduly burdensome on its face, a party seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003); *see also Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 380 (D. Kan. 2005) (the party asserting an undue burden objection "has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery," and must "provide an affidavit or other evidentiary proof of the time or expense involved").

Here, Plaintiff contends that Slick Spot "has not provided any evidence or affidavit that [$5,000-$8,000] would be the actual cost or that such an expense would constitute a burden." Response, docket #74 at 7. Slick Spot counters that its counsel's statements made in the briefing are sufficient pursuant to Rule 11 to demonstrate the necessary burden. The Court disagrees to some extent. While the Court appreciates Slick Spot's counsel's estimations that responding to discovery will require 25-40 hours of attorney time at $200 per hour, and that those hours are necessary not only to respond to the requested discovery but also to coordinate with Slick Spot's other counsel,

5

Slick Spot fails to submit an affidavit or otherwise explain in detail why $5,000-$8,000 is unduly burdensome upon a company engaged in at least two lawsuits, one in which the company has apparently received insurance coverage. Moreover, Slick Spot fails to demonstrate how coordinating responses with other counsel in a related action is unduly burdensome in this lawsuit as opposed to other lawsuits involving related cases in which discovery may need to be coordinated.

Furthermore, there is no indication that discovery in this case is facially burdensome. The challenged discovery requests constitute 14 interrogatories with subparts (calculated by Slick Spot as 26 separate interrogatories), 9 requests for production of documents and 9 requests for admission; however, the Scheduling Order in this case reflects that the parties sought no modifications of the presumptive number of interrogatories (25) and they limited the other requests to 25. Therefore, the Court finds that the requests are not "extensive" as described by the Plaintiff (even if true that Plaintiff has exceeded the presumptive number of interrogatories by one request), nor do they appear to be complex or complicated. Rather, the Court agrees with the Plaintiff that the requests are straightforward and seek specific information from Slick Spot.

The Court concludes the Defendant Slick Spot has failed to demonstrate that responding to Plaintiff's written discovery requests creates an undue burden as to time, effort and expense. *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007) (defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs).

B. Undue Prejudice

Slick Spot contends that it will suffer the burden of undue prejudice if required to respond to certain of Plaintiff's discovery requests. Specifically, Slick Spot asserts that the plaintiffs in the

underlying lawsuit allege that the train accident occurred because the outriggers on the crane were not properly engaged or deployed. Conversely, in this lawsuit, the Plaintiff alleges that its policy does not afford coverage for the train accident because the crane's outriggers were deployed at the time of the accident. As such, Plaintiff seeks Slick Spot's responses to the following requests for admission:

>   Request for Admission 6:   Please admit that, at the time of the Incident, the crane's outriggers were not fully raised.
>
>   Request for Admission 7:   Please admit that, at the time of the Incident, the crane's outriggers were at least partially extended.

Motion, docket #72 at 9. Slick Spot argues that, if required to respond, it "will be placed in the untenable position of having to admit or deny facts essential to the underlying litigation and prejudicing the defense of the Amtrak/BNSF claims." *Id.* at 9-10.

Plaintiff counters that Slick Spot "mischaracterizes" Plaintiff's position in this litigation, in that it seeks only a determination that the crane was being used as power equipment rather than as a roadable vehicle, the latter for which the policy provides coverage. Plaintiff states that, here, it seeks "discovery of facts that would establish the position of the boom and the outriggers at the time of the subject loss to determine [whether] the crane was being used as a crane at or near the time of impact with the Amtrak train." Response, docket #74 at 8. Plaintiff claims that in the underlying litigation, the issue is simply whether the crane was being used in a negligent manner.

The Tenth Circuit Court of Appeals has concluded it is proper to proceed with adjudication of a declaratory judgment action seeking a determination of whether an insurance company owes a duty to defend where the action "involve[s] no undue interference with the state proceeding." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 (10th Cir. 1994). In *Mhoon*, which

admittedly is not directly on point but is persuasive, the trial court, relying only on an examination of the complaint in the underlying litigation, granted summary judgment having decided there was no material fact to be established concerning whether there was a duty to defend and whether the policy covered the conduct at issue in the underlying litigation. *Id.* According to the Tenth Circuit, "[d]etermining that duty involved no matter, factual or legal, at issue in the [underlying] case." *Id.*

From *Mhoon*, the Court may infer that this action may proceed, including through discovery, so long as it does not unduly interfere with the underlying litigation. *See also Constitution Assocs. v. New Hampshire Ins. Co.*, 930 P.2d 556, 562 (Colo. 1996) (to avoid potential prejudice, a court may proceed with an anticipatory declaratory judgment action when the action concerns issues independent of and separable from those in the underlying litigation). A review of the complaint in the underlying litigation reveals that Amtrak and BNSF allege against Slick Spot, among other claims, that Slick Spot "fail[ed] to adequately train or instruct the crane operator and Shetler on the safe use, operation and deployment of the rigging of the crane," and "fail[ed] to adequately train or instruct the crane operator and Shetler on properly supporting the rigging of the crane." Complaint, *Nat'l R.R. Passenger Corp. v. Shetler*, 4:12-cv-3047, ¶ 29(c) and ¶29(d), docket #72-2. Such allegations might raise questions as to whether the outriggers were properly engaged or deployed. Therefore, the Court agrees with Slick Spot that responses to Requests for Admission 6 and 7, as well as Request for Admission 5, Interrogatory 13, and Requests for Production Nos. 7 and 8, could likely prejudice Slick Spot's defense in the underlying litigation, as such discovery requests seek information concerning the positioning and use of the crane at the time of the train accident.

The Court concludes the Defendant Slick Spot has demonstrated that responding to certain of Plaintiff's written discovery requests creates an undue burden as to likely prejudice in the defense

of the underlying litigation.

        C. <u>Balance with Plaintiff's Need for Discovery</u>

Slick Spot contends that Plaintiff has no need for the discovery it seeks since a duty to defend is determined based only upon the allegations of the complaint in the underlying litigation and a duty to indemnify is determined based only upon facts adduced at trial. Plaintiff responds that the underlying allegations say nothing about whether the crane was being used as a roadable vehicle, and there is nothing in the prevailing law preventing Plaintiff from seeking discovery on that and other issues in the case. Plaintiff also argues that it needs the discovery before the discovery deadlines run to prepare for dispositive motions and trial.

"An insurer's duty to defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy." *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991) (citing *Douglass v. Hartford Ins. Co.*, 602 F.2d 934, 937 (10th Cir. 1979)). "[T]he obligation to defend arises from allegations in the complaint, which if sustained, would impose a liability covered by the policy." *Id.* The Colorado Supreme Court clarifies *Hecla* in 2004 by applying its rule (known as the "complaint rule") "when an insurer refuses to defend and the insured brings an action for defense costs after the underlying litigation has been resolved" and "when resolving an insurer's obligations in an anticipatory declaratory action brought before the conclusion of the underlying dispute." *See Cotter Corp. v. American Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 828 (Colo. 2004). Conversely, where an insurer provides a defense and seeks a determination as to coverage at the conclusion of the underlying litigation, the insurer is allowed to rely on facts outside of the complaint to determine whether the insurer could recover costs of defense from the insured. *Id.* at 827.

Here, it appears from the briefing that Plaintiff is providing a defense in the underlying litigation with a reservation of rights, but also has brought this declaratory action before the conclusion of the underlying litigation. Therefore, the Court concludes that the *Hecla* rule applies and Plaintiff's duty to defend may be determined solely from the allegations in the underlying complaint. *See Pompa v. American Family Ins. Co.*, 520 F.3d 1139, 1146 (10th Cir. 2008) ("if the insurer wishes to avoid the cost of a defense before the underlying litigation has concluded – either by simply refusing to defend or by bringing a declaratory judgment action while the litigation is proceeding – its duty to defend is determined under the complaint rule").

If the District Court were to determine that Plaintiff owes no duty to defend Slick Spot in the underlying lawsuit, then it must determine also that Plaintiff owes no duty to indemnify. *See Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 300 (Colo. 2003) ("[w]here there is no duty to defend, it follows that there can be no duty to indemnify") (quoting *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 621 (Colo. 1999)).  However, where a duty to defend exists, the duty to indemnify (that is, to satisfy a judgment entered against the insured) "arises only when the policy actually covers the harm and typically cannot be determined until the resolution of the underlying claims." *Id.* at 301.  This finding would seem to imply that discovery in the declaratory judgment action is not necessary. However, the Colorado Supreme Court goes on to find that a determination of whether a duty to indemnify exists depends upon whether the underlying case goes to trial – from which the trial court must look to the facts as they developed at trial and the ultimate judgment – or resolves on settlement – from which a trial court must look to the final version of the complaint and may "review other matters in arriving at a conclusion as to whether some portion or all of the settlement would be properly subject to indemnification." *Id.*  With this finding, the court

10

concluded,

> The determination of whether a duty to indemnify exists requires factual development, as it is largely a question of fact. Extrinsic evidence may assist the trial court in determining whether and to what extent actual liability, as represented by a verdict or settlement, is covered by an existing policy.

*Id.* at 301-02. From this holding, the Court concludes that because the determination of a duty to indemnify in Colorado permits consideration of extrinsic factual evidence, and the determination will depend upon whether the underlying case resolves in settlement or at trial, factual discovery may proceed in this matter. *See, e.g., Safeco Ins. Co. of Am. v. Mares*, 71 F. App'x 808, 813 (10th Cir. Aug. 12, 2003) (in a declaratory judgment action seeking a determination for a duty to defend and duty to indemnify, the Tenth Circuit affirmed the trial court's denial of the defendant's Rule 56(f) motion seeking additional discovery, noting that the case had been "pending for several months" and that the defendant "never explain[ed] why she had not yet discovered the [requested] information.").

Plaintiff contends that it needs the requested discovery to prepare for dispositive motions and trial, but identifies only a single issue – whether the crane was being used as a roadable vehicle – for which it needs discovery. The Court concludes that the likely prejudice to Slick Spot's defense of the underlying litigation outweighs Plaintiff's need for responses to Requests for Admission 5, 6 and 7, Interrogatory 13, and Requests for Production Nos. 7 and 8 in this matter, particularly because it is likely the requested information concerning the positioning and use of the crane at the time of the train accident will be discovered in the underlying litigation.

As to Plaintiff's remaining discovery requests, Slick Spot characterizes them as seeking "jurisdictional" facts and claims they are improperly served pending resolution of the motion to dismiss. However, as set forth above, the Court has determined that the status of pending dispositive

motions typically does not justify disallowing discovery to proceed. Having no other objection, the Court finds the Plaintiff may seek responses to the remaining discovery requests.

**III.    Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that the Motion for Protective Order re: [Plaintiff's] First Set of Written Discovery Pursuant to Fed. R. Civ. P. 26(c) filed by Defendant Richard Lapp d/b/a Slick Spot Farm & Truck ("Slick Spot") [filed December 13, 2012; docket #72] is **granted in part and denied in part** as follows:

1. Slick Spot's request for protection from responding to Plaintiff's Requests for Admission 5, 6 and 7, Interrogatory 13, and Requests for Production Nos. 7 and 8 is GRANTED, and

2. Slick Spot's request for protection from responding to the remainder of Plaintiff's written discovery requests is DENIED. Slick Spot shall serve responses to the remaining discovery requests on or before February 21, 2013.

3. All requests for attorney's fees are DENIED.

Dated at Denver, Colorado, this 1st day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

12