**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00432-MSK-MEH

**UNITED FINANCIAL CASUALTY COMPANY**, an Ohio corporation,

 Plaintiff,

v.

**RICHARD LAPP**, an individual, d/b/a Slick Spot Farm & Truck;
**NATIONAL RAILROAD PASSENGER CORPORATION**, a District of Columbia corporation d/b/a Amtrak;
**BNSF RAILWAY COMPANY**, a Delaware corporation;
**W-L ENTERPRISES, LLC**, a Kansas limited liability company;
**WRIGHT-LORENZ GRAIN CO., INC.**, a dissolved Kansas corporation;
**GARY JORDAN**, an individual;
**WESTERN HERITAGE INSURANCE COMPANY**, an Arizona corporation;
**CHRISTOPHER NELSON**, an individual;
**BRADLEY SWARTZWELTER**, an individual; and
**JOHN DOES 1 through 27**,

 Defendants.

_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION AND GRANTING MOTION TO DISMISS**
_____

  **THIS MATTER** comes before the Court pursuant to Plaintiff United Financial Casualty Company ("United")'s Objections **(# 70)** to the Magistrate Judge's October 12, 2012 Recommendation **(# 62)** that Defendant Lapp's Motion to Dismiss **(# 40)** be granted, and Mr. Lapp's response **(# 71)**; and Mr. Lapp's Motion to Stay Proceedings and for Administrative Closure **(# 59)**, United's response **(# 60)**, and Mr. Lapp's reply **(# 61)**.

## FACTS

  On August 26, 2011, an Amtrak train, traveling through Benkelman, Nebraska, collided with a vehicle-mounted crane that had been deployed near the railroad tracks and was being used

1

to dismantle a grain elevator. The train derailed, causing injuries to its crew and 27 of the approximately 175 passengers aboard. The crane's owner, Mr. Lapp, gave notice to his insurer, United, of the accident.

United commenced the instant action it which it seeks a declaration that it is not required to defend or indemnify Mr. Lapp because it only provided coverage when the crane was being used as a vehicle. United's suit names Mr. Lapp, and numerous other Defendants that could be expected to assert claims against Mr. Lapp, including Amtrak, Mr. Nelson and Mr. Swartzwelder (Amtrak employees injured in the accident), and "John Does 1-27" (purportedly "passengers alleged to have been injured in the accident" but whose identities are, as yet, unknown). United invokes federal subject-matter jurisdiction premised under 28 U.S.C § 1332.

Mr. Lapp moved **(# 40)** to dismiss United's Complaint for lack of subject-matter jurisdiction. Specifically, Mr. Lapp alleged that United failed to demonstrate complete diversity of citizenship between it and all Defendants particularly the 27 John Doe Defendants. United responded, arguing (among other things): (i) that it was not required to allege the citizenship of the John Doe Defendants, and (ii) that such Defendants, even if not diverse, were not necessary parties and thus claims against them could be dismissed.

The Court referred the matter to the Magistrate Judge for a Recommendation. On October 12, 2012, the Magistrate Judge recommended **(# 62)** that Mr. Lapp's motion be granted. The Magistrate Judge reasoned that although the Tenth Circuit had not formally addressed whether a Complaint must contain allegations as to the citizenship of a "John Doe" defendant, numerous trial courts had so concluded. The Magistrate Judge further noted that other courts had determined that diversity was destroyed only if a "John Doe" defendant was identified and such defendant shared citizenship with the plaintiff. Ultimately, the Magistrate Judge

recommended that the Court adopt the broader interpretation as better reasoned and in deference to the limited subject matter jurisdiction of the federal courts. The Magistrate Judge further found that the John Doe Defendants here were not nominal parties – that is, fictitious placeholders in case the plaintiff discovered others worth naming as parties -- whose citizenship could be disregarded, but rather, were persons against whom United sought a binding determination, even though their identities were temporarily unknown. The Magistrate Judge rejected United's argument that the John Doe Defendants were not indispensable and therefore claims against them could be dismissed to cure any jurisdictional defect.

United filed timely Objections **(# 70)** to the Recommendation, arguing that: (i) it should not be required to name and identify the citizenship of all passengers on the train, or even of those filing claims of injuries with Amtrak, as "only those who actually present a claim are potentially indispensable parties," and that, as of that date, no passengers had made claims against Mr. Lapp; (ii) that the Magistrate Judge's ruling creates an untenable rule that "anytime an unknown person might need to be added as an additional plaintiff or defendant and if the addition of that person might destroy subject matter jurisdiction, the suit should immediately be dismissed"; (iii) the Court should follow the line of cases that dismiss a suit only upon a showing that a particular John Doe defendant shares citizenship with the plaintiff[1]; (iv) that the John Doe Defendants here are dispensable parties because there is no indication that they have made claims against Mr. Lapp; and (v) that requiring this suit to be brought in state court would leave

---

[1] Mr. Lapp recently moved **(# 82)** to supplement his motion to dismiss to indicate that ongoing discovery has indicated that one of the passengers reporting an injury to Amtrak was a citizen of Ohio, just as United is. The Court declines to consider Mr. Lapp's motion or the facts recited therein for purposes of this Order, as United has not yet had an opportunity to respond to it.

3

United without a meaningful remedy because it could not receive a fair hearing in state courts in either Nebraska or Colorado.

Meanwhile, Mr. Lapp moved **(# 59)** to stay or administratively close this case until a lawsuit brought against him in Nebraska by Amtrak and others was resolved.

## ANALYSIS

### A. Standard of review

The Court reviews the objected-to portions of the Magistrate Judge's Recommendation *de novo*. Fed. R. Civ. P. 72(b).

### B. Citizenship of "John Doe" Defendants

28 U.S.C. § 1332(a) (1) permits federal courts to exercise subject-matter jurisdiction over disputes between "citizens of different States." In other words, there must be "complete diversity," in that is "no plaintiff and no defendant who are citizens of the same state." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). As the party invoking federal jurisdiction, the burden is on United to demonstrate that such complete diversity exists. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1194 (2010).

The Court will not repeat the Magistrate Judge's accurate survey of the legal landscape governing the question of whether the citizenship of a defendant named in a "John Doe" capacity must be alleged in order to demonstrate complete diversity. In the absence of controlling precedent on the question, this Court is inclined to defer to the "general rule" that "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." Wright, Miller *et al.*, Federal Practice & Procedure, §3642 (2009) *and cases cited therein*. Indeed, a case such as *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997), which states that "because the existence of diversity jurisdiction cannot be

determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits," is considered by Wright and Miller to be preferable to the minority view as reflected in *Macheras v. Center Art Galleries – Hawaii, Inc.*, 776 F.Supp. 1436 (D.Hi. 1991) (permitting diversity jurisdiction involving Doe defendants). The minority view "extend[s] the statute [§ 1332] beyond its text and therefore can only be justified as an exercise of perceived sound judicial policy," whereas the majority view stated in *Howell* "is consistent with certain norms of statutory construction." *Id.* Accordingly, absent a clear indication from the 10th Circuit that the minority rule should prevail, this Court adopts the more broadly-accepted rule and concludes that the identification of "John Doe" Defendants precludes a finding of diversity jurisdiction.

### C. "John Doe" Defendants as indispensable parties

United suggests that, if it is required to identify the citizenship of any John Doe Defendants, it would instead prefer to dismiss claims against them. To do so, it contends that the John Doe Defendants are not indispensable parties joinder of which is required under Fed. R. Civ. P. 19.

Rule 19(a)(2) requires joinder of a person who: (i) claims an interest relating to the subject matter of the action; and (ii) is so situated that disposition of the action in the person's absence may impair the person's ability to protect that interest or leave existing parties subject to inconsistent obligations. If such the citizenship of such person would destroy diversity jurisdiction, the Court proceeds to consider whether, under Rule 19(b), the action should proceed in that party's absence. In making that assessment, the Court should consider: (i) the extent to which judgment in the party's absence would prejudice that party (or others); (ii) the extent to which that prejudice can be lessened; (iii) whether a judgment rendered in that party's absence

would be adequate; and (iv) whether the plaintiff has an adequate alternative remedy if the action were dismissed for non-joinder.

The Court need not conduct an extensive review of each factor, as it is evident that the presence of the John Doe Defendants is essential to the very purpose for which United brings this action. United intends to resolve, quickly and conclusively, the question of whether it has any coverage obligations towards Mr. Lapp. In doing so it hopes to bind all the Defendants, parties who might seek to benefit from Mr. Lapp's insurance coverage for injuries or losses suffered in the train-crane collision. Indeed, United has attempted to name as a Defendant each person who conceivably might assert a claim arising from the collision. United named some persons who were injured – notably Defendant Christopher Nelson and Bradley Swartzwelter **(#1 Para. 20)**. Yet, it seeks to dismiss claims against similarly other injured persons simply because it cannot now identify them. To bind some injured persons by an adjudication of insurance coverage in this case, but to dismiss the claims against others similarly situated runs contrary to the purpose of joinder, prevents all similarly situated injured persons from enjoying equal footing or the ability to collaborate, and increases the risk of inconsistent determinations as to scope of Lapp's insurance coverage. Thus, the Court finds that the John Doe Defendants are indispensable parties to this action.

The Court appreciates United's strategic decision to seek a rapid and universal determination of this matter, but its attempt to resolve <u>all</u> potential exposure it might have arising from the train-crane collision – *i.e.* against those certain to make claims (*e.g.* Amtrak, Nelson and Swartzwelter) as well as against those who <u>might</u> make claims (*e.g.* the 27 injured passengers[2])

---

2   For purposes of this decision, the Court need not entertain whether United's obligation is to identify the citizenship of the 27 injured passengers, or all 175 passengers. It is sufficient to

limits the *fora* in which it can proceed. United cannot conclusively determine its potential liability as to the John Doe Defendants without them being parties in this action, and this Court lacks jurisdiction over the controversy because United cannot identify the citizenship of the John Doe Defendants. It is not the Court's place to speculate as to what forum may be available to United for purposes of accomplishing its objective; however the Court rejects United's argument that a federal court must hear the matter because it cannot obtain a fair trial in any available state court. Not only is such argument is speculative, even if true, it is irrelevant to the question of this Court's subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** United's Objections **(# 70)**, **ADOPTS** the Magistrate Judge's Recommendation **(# 62)**, and **GRANTS** Mr. Lapp's Motion to Dismiss **(# 40)**. United's Amended Complaint **(# 34)** is **DISMISSED** for lack of subject-matter jurisdiction under 28 U.S.C. § 1332 and the Clerk of the Court shall close this case. Because the Court dismisses this action, Mr. Lapp's Motion to Stay Proceedings and for Administrative Closure **(# 59) and** Motion to Supplement Response **(#82)** are **DENIED AS MOOT**.

Dated this 21st day of March, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

---

observe that United's obligation to allege citizenship is at least as broad as the scope of the remedy it seeks.